Defendant-appellant Frank N. Kautzmann, III (hereinafter "son") and Realdata, Inc., appeal the July 28, 1998 Judgment Entry of the Delaware County Court of Common Pleas which granted plaintiff-appellee Frank N. Kautzmann's (hereinafter "father") motion for summary judgment.
 STATEMENT OF THE CASE AND FACTS
This case arises out of a dispute regarding the repayment of two loans from Father to Son. Son was going through a divorce and was experiencing financial difficulties. He asked Father to loan him $20,000 and Father agreed. Son promised to pay the sum back within one year and agreed to give Father an additional $10,000 for the inconvenience. Son characterized this extra $10,000 as a return on an investment.
As a result of this arrangement, Son signed a promissory note payable to Father. The promissory note is attached to the complaint and the terms are not in dispute. The promissory note states Son and REALDATA, INC. promise to pay the sum of $30,000 to Father in monthly installments of $2,500 per month until the amount is paid in full. The interest rate was stated as "[z]ero" percent.
After Father made the loan secured by the promissory note, Son asked Father for an additional $10,000 personal loan. Father agreed and gave Son $10,000. Father did not require a second promissory note for this loan.
Both parties agree that Son eventually stopped making payments on the outstanding debt to his Father. A dispute arose over repayment, and Father filed suit on April 18, 1997, in an effort to collect the unpaid balance on the loans. The complaint contained two claims; the first for the balance due on the promissory note and the second for the balance due on the personal loan.
On June 9, 1998, Father filed his Motion for Summary Judgment, affidavit in support, and supporting documentation. Father's affidavit states he is the payee, holder, and owner of the promissory note dated July 10, 1996. Further, Father states Son has paid a total of $12,070 toward the amount due on the promissory note, leaving a balance of $17,930. Father's affidavit does not mention the second personal loan of $10,000, which is the subject of the second claim in the complaint. Father's motion alleges the second personal loan was paid in full, although Father's affidavit in support of his motion is silent as to the second loan.
Son filed his motion in opposition to summary judgment and affidavit on July 9, 1998. In his affidavit, Son acknowledges an outstanding debt on the promissory note, but disagrees with the amount Father claims is due. It appears to us the dispute is not over the total amount of money paid by Son, but rather to which loan the payments should be applied. Son asserts he has paid over 22,000 toward the promissory note, leaving the balance on the promissory note at approximately $8,000. Presumably Son would still owe $10,000 on the personal loan, although Son's affidavit is not clear on this point.
On July 28, 1998, the trial court filed its judgment entry granting appellee's motion for summary judgment. It is from this judgment entry appellant prosecutes this appeal assigning the following as error:
 I. THE TRIAL COURT ERRONEOUSLY GRANTED PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS THERE EXIST GENUINE ISSUES OF MATERIAL FACT ON WHICH REASONABLE MINDS COULD REACH DIFFERENT CONCLUSIONS.
 II. THE TRIAL COURT FAILED TO CONSIDER DEFENDANT-APPELLANT'S DEFENSE OF USURY AS PLEAD IN APPELLANT'S ANSWER AND AS SUPPORTED IN THE RULE 56 AFFIDAVITS FILED WITH THE COURT.
 III. THE TRIAL COURT IMPROPERLY CONSIDERED EVIDENCE WHICH WAS NOT WITHIN THE SCOPE OF EVIDENCE ALLOWED UNDER OHIO CIVIL RULE 56.
 IV. THE TRIAL COURT IMPROPERLY ORDERED INTEREST AT THE RATE OF 10% PER ANNUM DESPITE A SPECIFIC RATE OF INTEREST HAVING BEEN DESIGNED IN THE PROMISSORY NOTE.
Father's motion for summary judgment asked for judgment only on the promissory note, stating Son had fully repaid his obligation on the second loan for $10,000. This second loan for $10,000 was the subject of the second claim of Father's complaint. However, appellee did not dismiss the second claim of the complaint upon repayment.
Reading between the lines, we infer the trial court considered appellee's second claim to have been satisfied as reflected by the amount of the judgment rendered on appellee's first claim.[1] In ruling on the motion for summary judgment, the trial court specifically limited its ruling to the first claim of the complaint (the promissory note) and neither addressed nor disposed of the second claim of appellee's complaint. The trial court failed to include Civ. R. 54(B) language indicating "no just reason for delay" in the judgment entry.
For these reasons, we find the trial court's ruling on the motion for summary judgment was not a final appealable order. Accordingly, we dismiss this appeal for lack of jurisdiction.
By: Hoffman, J., Wise, P.J. and Edwards, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is ordered dismissed for want of jurisdiction. Costs assessed to appellants.
-------------------
-------------------
 ------------------- JUDGES
[1] Though not necessary for our resolution of this appeal, we find a genuine issue of material fact remains in dispute as to the amount appellant paid towards the promissory note. We agree with appellant the letters submitted by appellee with his memorandum in support of summary judgment were not yet properly authenticated, and therefore, should not have been considered in resolving to which debt appellant's payments should be credited.